# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Clinton Spellman
700 Snowbury Court #1
Essex, MD 21221

John Ziglar
639 Brisbane Rd
Baltimore, MD 21229

Marcus Welch Sr.
5615 Tramore Rd
Baltimore, MD 21214

Owen Thurman
625 Brisbane Rd
Baltimore, MD 21229

Daniel Bustos
9741 Country Meadow Lane
Laurel, MD 20723

Jean Dende
21 Sprigg Circle
Gwynn Oak, MD 21207

Sunday Chimezie
9933 Goodluck Rd, Apt. 104
Lanham, MD 20706

Elmuthana Bashir
1614 Becontree Lane 420
Reston, VA 20190

Jeffrey Griffin
1403 Coxneck Rd.
Chester, MD 21619

William Hammond
262 Chalet Cr. East
Millersville, MD 21108

Abdul Mukhni
5404 Cordwall Court
Beltsville, MD 20705

Civil Action No:

**JURY TRIAL DEMAND**

**Joseph Greenwald & Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

on behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

AMERICAN EAGLE EXPRESS, INC., d/b/a
AEXGROUP
9515 Gerwig Lane
Columbia, MD 21046

Serve Resident Agent:

> Mary R. Craig
> 5 Light Street, Suite 610
> Baltimore, MD 21202

Defendant

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

## INTRODUCTION

1.  Clinton Spellman, William Hammond, John Ziglar, Marcus Welch Sr., Owen Thurman, Daniel Bustos, Jean Dende, Sundance Chemezie, Elmuthana Bashir, Jeffrey Griffin, and Abdul Mukhni (Collectively "Named-Plaintiffs") bring this complaint to obtain declaratory, injunctive and monetary relief on behalf of a class of employees of Defendant American Eagle Express, Inc. ("AEX") for violation of, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. L&E Code § 3-415 (MWHL), 3-420 *et seq.* the Maryland Wage Payment and Collections Law ("MWPCL"), Md. L&E Code§ 3-501 *et seq.*, the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, the District of Columbia Wage Payment and Wage Collection Law ("DCWPWCL"), D.C. Code § 32-1301 *et seq.,* and other obligations owed to the class and subclasses by Defendant; as well as certification of

**Joseph
Greenwald
&Laake,P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

collective action under the FLSA, and a class action under Rule 23 of the Federal Rules of Civil Procedure.

2. Named-Plaintiffs bring this action against Defendant on behalf of themselves and all other persons who, under the relevant statutory period, served as pick up and delivery drivers (couriers) for AEX.

3. Named-Plaintiffs, the class and subclasses, as defined below, contest the classification and sub-classification of drivers such as themselves as "independent contractors", and Defendant's refusal of the rights, obligations, privileges and benefits owed to the Plaintiffs and the class and subclasses as employees.

## JURISDICTION AND VENUE

4. This Court has federal jurisdiction over a claim for relief arising under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over state statutory claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) in that the named-Plaintiffs work in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

6. Named-Plaintiffs all are employed or have been employed by American Eagle Express (AEX) as delivery drivers (couriers) in the state of Maryland and/or the District of Columbia. Named-Plaintiffs drive or drove out of Defendant's warehouse in Columbia, Maryland and make deliveries primarily to drug stores and banks. Named-Plaintiffs bring this suit on behalf of themselves and all other similarly situated individuals.

**Joseph Greenwald & Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

7. Named-Plaintiffs and all class and subclasses members entered into agreements with Defendant to work as delivery drivers (couriers) and have been misclassified by Defendant as "independent contractors."

8. Defendant American Eagle Express, Inc. is incorporated in New York. Its principle place of business is in Aston, Pennsylvania and has delivery warehouses in New Jersey, Pennsylvania, and Maryland. AEX is primarily engaged in providing courier services to drug stores and banks and employs at any given time well over four hundred and fifty (450) couriers.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

## COLLECTIVE ACTION ALLEGATIONS

9. Named-Plaintiffs bring this Complaint as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all persons in the "class", which is defined as follows:

**All persons who, within the relevant statutory period, served as pick up and delivery drivers (couriers) for AEX.**

10. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Named-Plaintiffs, the Representative Plaintiffs, because the claims of the Named-Plaintiffs are similar to the claims of the putative Plaintiffs of the representative action.

11. The Named-Plaintiffs are similarly situated to the putative Plaintiffs, have substantially similar job requirements and pay provisions, and were subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of FLSA.

12. There are common questions of law and fact affecting the rights of all class members, including, *inter alia*, the following:

**Joseph Greenwald & Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

a. Whether the Named-Plaintiffs and the class and subclass are employees of Defendant;

b. Whether Defendant has violated the rights of the Named Plaintiffs and the class and subclass under the Federal Labor Standards Act 29 U.S.C §§ 201, *et seq.*, by not paying overtime for time worked over 40 hours in a week;

c. Whether Defendant has violated the rights of the Named-Plaintiffs and the class and subclass under the Federal Labor Standards Act 29 U.S.C §§ 201, *et seq.* by improperly deducting monies from their wages.

d. Whether Named-Plaintiffs and the class and subclass are entitled to an accounting by Defendant of all hours worked on behalf of Defendant, all wages paid by Defendant, all deductions from wages made by Defendant and the basis of all such deductions;

e. Whether the Named-Plaintiffs and the class and subclass are entitled to declaratory relief declaring that they are or were employees of Defendant;

f. Whether Named-Plaintiffs and the class and subclass are entitled to injunctive relief requiring Defendant to convey to the class and subclass the rights, privileges and benefits of employees;

13. Additionally, all members of the class and subclasses have been injured by the same actions of Defendant in the same manner.

14. Defendant has acted and refused to act on grounds generally applicable to the class and subclasses, thereby making appropriate injunctive and declaratory relief for the class and subclass as a whole.

15. Adjudication of separate claims by individual class members will create a risk of inconsistent or varying adjudications.

16. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since the joinder of all members is impracticable as well over four hundred and fifty (450) couriers are employed with Defendant at any given time and all are subject to this collective action. Without a collective action, AEX will likely

**Joseph Greenwald & Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

retain the benefits of its wrongdoings and will continue a course of conduct that will result

in further damage to Named-Plaintiffs and the class and subclass.

17. Annexed hereto as Exhibit 1 are written consents to the filing of this Complaint duly

executed by the Named Plaintiffs.

18. Named Plaintiff are currently unaware of the identities of all the members of the Class.

Accordingly, Defendant should be required to provide to Named Plaintiffs a list of all

persons who within the relevant statutory period (a) entered into a Transportation

Brokerage Agreement with AEX and (b) served as pick up and delivery drivers for AEX,

stating their last known addresses and telephone numbers, so that Plaintiffs can give such

Class Members notice of the pendency of this action and an opportunity to make an

informed decision about whether to participate in it.

### DISTRICT OF COLUMBIA AND MARYLAND
### SUBCLASS ACTIONS ALLEGATIONS

19. Named-Plaintiffs bring this Complaint also as a class action pursuant to Fed.R.Civ.P. 23

and the DCMWA, on behalf of all persons in the "DC subclass", which is defined as

follows:

> **All persons employed by Defendant who worked in the District of Columbia who,
> within the relevant statutory period, served as pick up and delivery drivers
> (couriers) for AEX.**

20. Named-Plaintiffs also bring this Complaint as a class action pursuant to Fed. R. Civ. P. 23

and the MWHL and MWPCL, on behalf of all persons in the "Maryland subclass", which

is defined as follows:

> **All persons employed by Defendant who worked in Maryland who, within the
> relevant statutory period, served as pick up and delivery drivers (couriers) for
> AEX.**

Joseph
Greenwald
&Laake, P.A.

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

6

21. There are common questions of law and fact affecting the rights of all subclasses

members, including, inter alia, the following:

    a.   Whether the Named-Plaintiffs and the subclasses are employees of Defendant;

    b.   Whether Defendant has violated the rights of the Named-Plaintiffs and the subclasses under DC § 32-1001 *et seq.* and/or the MWPCL § 3-415, *et seq.* and the MWHL by not paying overtime for time worked over 40 hours in a week;

    c.   Whether Named-Plaintiffs and the subclasses are entitled to an accounting by Defendant of all hours worked on behalf of Defendant, all wages paid by Defendant, all deductions from wages made by Defendant and the basis of all such deductions;

    d.   Whether the Named-Plaintiffs and the subclasses are entitled to declaratory relief declaring that they are employees of Defendant;

    e.   Whether Named-Plaintiffs and the subclasses are entitled to injunctive relief requiring Defendant to convey to the subclasses the rights, privileges and benefits of employees;

    f.   Whether the subclasses are entitled to declaratory relief declaring that they are employees of Defendant;

    g.   Whether the subclasses are entitled to injunctive relief requiring Defendant to convey to the class and subclass the rights, privileges and benefits of employees;

22. Additionally, all members of the subclasses have been injured by the same actions of

Defendant in the same manner.

23. Defendant has acted and refused to act on grounds generally applicable to the class and

subclasses, thereby making appropriate injunctive and declaratory relief for the subclass

as a whole.

24. Adjudication of separate claims by individual members of the subclasses will create a risk

of inconsistent or varying adjudications.

**Joseph
Greenwald
& Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

25. A class action with respect to the subclasses is superior to other available methods for the fair and efficient adjudication of this controversy since the joinder of all members is impracticable.

26. Without a class action for the subclasses, AEX will likely retain the benefits of its wrongdoings and will continue a course of conduct that will result in further damage to Named-Plaintiffs and the subclass.

## FACTS GIVING RISE TO THE CAUSES OF ACTION

27. AEX engages in interstate commerce by employing delivery drivers in at least four states, Maryland, New Jersey, Delaware, and Pennsylvania and the District of Columbia.

28. Many of the delivery drivers continuously made and/or make deliveries in the District of Columbia as a substantial number of AEX's clients are located in the District of Columbia.

29. AEX requires each delivery driver to sign a lengthy form contract entitled the "Transportation Brokerage Agreement" ("TBA") that misleadingly classifies these drivers as "independent contractors" rather than employees of AEX.  The pertinent terms of the TBA are identical for every class and subclass member.

30. Named-Plaintiffs, the class, and the subclasses drive or drove delivery vehicles of less than 10,001 pounds gross vehicle weight while employed by Defendant.

31. At all relevant times, AEX was fully aware that Named-Plaintiffs and the class and subclasses should be classified as employees and not as "independent contractors."

32. AEX misclassifies Named-Plaintiffs, the class and subclasses as "independent contractors" in order to deny Named-Plaintiffs, the class and subclasses, benefits, rights and privileges owed to employees under the law.

**Joseph
Greenwald
& Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

8

33. At all relevant times, AEX was fully aware that the extent of its direction and control over Named-Plaintiffs and the class and subclasses created an employer/employee relationship under the law. Named-Plaintiffs, the class, and the subclasses are prohibited by AEX to exercise any management or independent business judgment discretion in connection with the services they perform for Defendant as follows:

    a. AEX unilaterally controls all aspects of the work schedule of the Named-Plaintiffs and members of the class and the subclasses, *inter alia*:

        1. how the packages are sorted
        2. which drivers sort packages
        3. the times when drivers make deliveries
        4. how many deliveries are made
        5. how many pick ups are made
        6. what packages are delivered
        7. the order (i.e. schedule) in which deliveries are made
        8. how long drivers work each day
        9. which drivers are assigned to make which deliveries
        10. which drivers are assigned to make which pick ups
        11. which drivers are assigned to which routes
        12. the number of stops in each route, and
        13. the amounts charged to customers for delivery.

    b. AEX requires Named-Plaintiffs, members of the class and subclasses to work out of a warehouse owned and operated by AEX.

    c. Named-Plaintiffs, the class and subclasses are prohibited from refusing to undertake deliveries assigned by AEX management. If a driver refuses to make a delivery he/she is disciplined or discharged.

    d. AEX has sole ownership and control over the delivery "route" assigned to each Named Plaintiff and member of the class and subclasses.

    e. AEX solely predetermines how much a driver is paid for a "route."

    f. Named-Plaintiffs and members of the class and the subclasses cannot negotiate pay based on experience or any other criterion.

    g. The customers served on each route are AEX customers, and cannot be sold, bought, transferred, or deleted by Named- Plaintiffs, class members, or members of the subclasses.

Joseph
Greenwald
& Laake, P.A.

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

h.   Each Named Plaintiff, class member, and members of the subclasses must have an AEX manager or dispatcher sign off on his/her "I.C. Manifest" at the end of each work day to be paid for a route.

i.   If a driver attempts to make a delivery and the customer is not present to take the delivery, the driver must contact an AEX dispatcher to be instructed on whether to wait for the customer or to redeliver the package. Named-Plaintiffs, the class, and subclasses have absolutely no ability whatsoever to alter the order or schedule of the deliveries on their own without permission from the Defendant's agents.

j.   Named-Plaintiffs, the class and the subclasses are not paid for redeliveries of packages.

k.   Named-Plaintiffs, the class, and the subclasses are not paid for any time spent waiting on customers while making deliveries for AEX.

l.   Named-Plaintiffs, the class, and the subclasses are required by AEX to sort packages or wait in the AEX warehouse while packages are sorted by other drivers.

m.   At all relevant times, Named-Plaintiffs, members of the class and the subclasses are not paid for sorting or for time spent waiting at the AEX warehouse.

n.   Named-Plaintiffs, the class, and the subclasses are required by Defendant to call into the AEX warehouse hourly using a cell phone so that Defendant can check progress, alter delivery times, or so that Defendant can provide additional instructions to drivers.

o.   AEX supervisors and managers have the authority to discipline and terminate drivers. For instance, failure to call in hourly, results in discipline of the driver, including docked pay.

p.   Named-Plaintiffs, the class, and the subclasses are prohibited by AEX from speaking to anyone else on a cell phone while making deliveries for AEX.

q.   AEX prohibits Named-Plaintiffs, the class, and the subclasses from having any passengers with them, even an assistant, while making deliveries for AEX.

r.   AEX prohibits Named-Plaintiffs, the class, and the subclasses from taking any breaks, *inter alia*, meal breaks and bathroom breaks while on "route." Any driver whom Defendant learns has stopped for any reason without authorization by Defendant's agents is fined or otherwise disciplined.

**Joseph
Greenwald
& Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

s.   Defendant requires Named-Plaintiffs, the class, and the subclasses to purchase shirts and hats emblazoned with Defendant's logo from Defendant and wear them while making deliveries.

t.   Defendant requires Named-Plaintiffs, the class, and the subclasses to wear ID badges depicting an "AEX" logo and the name of the driver.

u.   Named-Plaintiffs, the class, and the subclasses are prohibited from taking days off for vacations without Defendant's permission. Named-Plaintiffs, and members of the class and the subclasses are required to submit the request in writing. If Defendant grants permission for a driver to have a vacation or a day off, Defendant will unilaterally select a substitute driver. Drivers have no discretion in having another driver take over their route.

v.   AEX employs "security personnel" who make sure all drivers are following AEX policies and procedures, including, *inter alia*, wearing proper uniforms, not stopping for breaks, and keeping vehicle doors locked.

w.   AEX security personnel follow drivers while they are on "routes" and subject them to searches of the drivers' vehicles.

x.   AEX security personnel have the authority to "write-up" drivers for failing to follow AEX policies and procedures. Discipline includes, *inter alia*, being docked pay and discharged.

34.  Named-Plaintiffs, the class, and the subclasses are an integral part of Defendant's business, and the services they perform are essential to the conduct of that business as they provide the majority, if not all, of the services required by Defendant's clients. Defendant would cease to function without the services provided by the drivers.

35.  Named-Plaintiffs and the class and subclasses had little, if any opportunity for profit or loss. Drivers were denied the opportunity to accept deliveries outside of their assigned routes. Drivers were unable to negotiate the rates charged customers, which remained in exclusive control of Defendant. Drivers would not be provided bonuses for brining in additional customers nor penalized if a customer no longer used Defendant for courier services.

**Joseph Greenwald & Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

11

36. Named-Plaintiffs and the class and subclasses invested small sums of money into the operations. Drivers used their own personal vehicles to make deliveries and therefore did not make expenditures for vehicles above these amounts.

37. Defendant, however, has made a large investment in the business. Defendant has multiple warehouses in several states, administrative and security staff, office equipment, pays truck drivers to unload merchandise at its warehouses, and has purchased scanners for scanning deliveries to the warehouses and for the drivers to use on banking deliveries. In this respect, Named-Plaintiffs and the class and subclasses all invested relatively insignificant amounts when compared to Defendant's significant investment.

38. The longevity of the working relationship for drivers is quite significant. Drivers often work or worked multiple years for Defendant without transferring to work for other companies. Drivers also were almost exclusively economically dependent on money earned by Defendant as they worked over forty (40) hours per week for the Defendant and could not work other employment.

39. The duties required to be a courier for Defendant does not require specialized skills. Drivers essentially drove vehicles and delivered packages. Drivers also could not negotiate the rate of compensation.

40. Despite its knowledge of all of the aforementioned facts, Defendant persists in a uniform policy of misclassifying Named-Plaintiffs, the class, and the subclasses as "independent contractors," with full knowledge that they are actually employees of Defendant as a matter of law.

41. Defendant was and is obligated by law to provide certain benefits, rights and privileges to its employees.

Joseph
Greenwald
& Laake, P.A.

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

12

42. Named-Plaintiffs, the class, and the subclasses are required to work in excess of 40 hours per week.  At all relevant times, Named-Plaintiffs, the class, and the subclasses were not paid overtime wages for work in excess of 40 hours per week.

## COUNT I
## FLSA CLAIM

43. Named Plaintiffs incorporates all preceding paragraphs as though fully set forth at length herein.

44. All Named-Plaintiffs and class members are non-exempt employees.

45. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including the Named-Plaintiffs and each of the putative class members.

46. The FLSA mandates that each employer, such as Defendant, compensate all non-exempt employees for all hours worked at an hourly rate and compensate them at a rate of no less than one and one-half the regular rate of pay for hours worked in excess of forty in a week.

47. Named-Plaintiffs and all class members are non-exempt employees as defined by the FLSA and thus have the right to receive overtime pay or to be paid for all hours worked under FLSA.

48. At all relevant times, Defendant failed to pay Named-Plaintiffs and the class for all hours worked and failed to pay these employees at the overtime rate for any hours worked in excess of forty hours per week.

**Joseph Greenwald &Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

13

49. Therefore, Defendant has willfully violated and continues to violate the FLSA 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 206(a).

50. The abovementioned conduct, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C § 255(a).

51. Named Plaintiffs and the class seek damages in the amount of all unpaid regular hours worked and all unpaid overtime compensation for all hours worked in excess of forty hours per week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and other legal and equitable relief as the Court deems just and proper.

52. Named Plaintiffs and the class seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Defendant is liable to Named-Plaintiffs and the class under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre-and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the District of Columbia
### Minimum Wage Act § 32-1001 *et seq.*

53. Named-Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

54. All Named-Plaintiffs and DC subclass members are non-exempt employees. Defendant failed to pay Named-Plaintiffs and the DC subclass overtime wages as required by the District of Columbia Minimum Wage Act § 32-1001 *et seq*. The DCMWA provides that "No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate

**Joseph**
**Greenwald**
**& Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

not less than 1 ½ times the regular rate at which the employee is employed." D.C. Code § 32-1003(c).

55. Named-Plaintiffs and the DC subclass worked overtime on a regular basis for Defendant. Named-Plaintiffs and the DC subclass are entitled to, and are owed overtime pay at the rate of one and one-half(1 1/2) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week.  Defendant failed to compensate Named-Plaintiffs and the DC subclass properly and as required by law for numerous overtime hours worked.

56. This failure to pay compensation as required by the District of Columbia labor code was willful and intentional, and not in good faith.

57.     The District of Columbia Minimum Wage Act authorizes a private cause of action against an employer for the overtime amounts owed, liquated damages, reasonable counsel fees, and costs.

        WHEREFORE, Defendant is liable to Named-Plaintiffs and the DC subclass under Count II for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre-and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate

## COUNT III
### Violation of Maryland Wage and
### Hour Law §§ 3-415, 3-420 *et seq.*

58. Named-Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

59. All Named-Plaintiffs and Maryland subclass members are non-exempt employees.

**Joseph
Greenwald
&Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

15

60. Defendant failed to pay Named-Plaintiffs and the Maryland subclass overtime wages as required by Maryland Labor and Employment Code Ann. § 3-415, 3-420 *et seq*. The Maryland Wage and Hour Law provides that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly rate" to its employees. Md. Code Lab. & Empl. Sec. 3-415(a).

61. Named-Plaintiffs and the Maryland subclass worked overtime on a regular basis for Defendant. Named-Plaintiffs and the Maryland subclass are entitled to, and are owed overtime pay at the rate of one and one-half(1 1/2) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Defendant failed to compensate Named-Plaintiffs and the Maryland subclass properly and as required by law for numerous overtime hours worked.

62. This failure to pay compensation as required by the Maryland Wage and Hour Law was willful and intentional, and not in good faith.

63.    The Maryland Wage and Hour Law authorizes a private cause of action against an employer for the overtime amounts owed, reasonable counsel fees, and costs.

WHEREFORE, Defendant is liable to Named-Plaintiffs and the Maryland subclass under Count III for all unpaid overtime wages in such amounts to be proved at trial, interest (both pre-and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate

### COUNT IV

**Violation of Maryland Wage Payment and Collections Law §§ 3-501, *et seq*.**

64. Named-Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

Joseph
Greenwald
&Laake,P.A.

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

16

65. Defendant was or is the employer of Named-Plaintiffs and the Maryland subclass for purposes of the Maryland Labor and Employment Code Ann. § 3-501.

66. Defendant made unlawful deductions from the wages of Named-Plaintiffs and the Maryland subclass by taking disciplinary actions against Named-Plaintiffs and the Maryland subclass and deducting from their pay and/or failing to pay them in violation of Maryland Labor and Employment Code Ann. § 3-503.

67. Defendant had a duty to pay whatever wages were due to the Named-Plaintiffs and the Maryland subclass on a regular basis and/or upon termination of employment. Defendant failed to uphold this duty and pay Named-Plaintiffs and the Maryland subclass, all wages due on a regular basis and/or upon their termination from employment, in violation of Maryland Labor and Employment Code § 3-502 and §3-505. This failure to properly compensate its employees includes wages owed at both the regular rate of pay and overtime rate owed at time and half the regular rate under both the FLSA and the Maryland Overtime Act are in contravention of the Maryland Wage Payment and Collection Law. Maryland Labor and Employment Code § 3-502 and §3-505.

68. Defendant's failure to comply with obligations under the Maryland Labor and Employment Code was willful, intentional, not in good faith, and not because of a *bona fide* dispute.

69. Defendant's conduct constitutes violations of the Maryland Wage Payment and Collection Act, Md. Labor and Employment Code Ann. §§ 3-501, *et seq.*, subjecting it to the Maryland Wage Payment and Collections Law's treble damages provisions under § 3-507.1.

**Joseph Greenwald & Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

17

WHEREFORE, Defendant is liable to Named-Plaintiffs and the Maryland subclass under Count IV for all unpaid overtime wages and illegal deductions in such amounts to be proved at trial, treble damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT V
### INJUNCTIVE AND DECLARATORY RELIEF

70. Named-Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

71. Named Plaintiffs and the class and subclasses are entitled to declaratory relief in the form of an order declaring that they are employees of Defendant.

72. Named Plaintiffs and the class and subclasses are entitled to an order for injunctive relief:

   a. prohibiting Defendant from misclassifying Named-Plaintiffs and the class and subclasses as independent contractors; and
   b. requiring Defendant to provide Named-Plaintiffs and the class and subclasses with all the rights, benefits and privileges of employees.

WHEREFORE, Named-Plaintiffs respectfully request injunctive and declaratory relief as detailed above, for themselves and the members of the class and subclasses and any other and further relief this Court deems appropriate.

### COUNT VI
### ACCOUNTING

73. Named-Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

74. Named-Plaintiffs, on behalf of themselves, the class, and the subclasses request that Defendant be ordered to fully and completely account for all hours worked by Plaintiffs, the class and the subclasses on behalf of Defendant, all wages that are and were due, and

**Joseph
Greenwald
& Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

all deductions made from such wages by Defendant, as well as all sums due the Plaintiffs, class, and subclasses during the relevant statutory period.

75. Named Plaintiffs, the class, and the subclasses request a judgment be entered against Defendants and in favor of Plaintiff for the full amount due and owing or to become due and owing to the Plaintiff, together with interest and the costs of this action; and

76. That this Honorable Court award such further and additional relief as may be required.

WHEREFORE, Named-Plaintiffs respectfully request an accounting as detailed above, on behalf of themselves, and the members of the class and subclasses and any other and further relief this Court deems appropriate

## **PRAYER FOR RELIEF**

WHEREFORE, Named-Plaintiffs asks this court to:

a. Certify this matter as a collective action under the FLSA and a class action pursuant to Fed.R.Civ.P. 23 for both the DC subclass and Maryland subclass and;

b. Enter an order for injunctive and declaratory relief as described herein; and

c. Enter judgment in favor of themselves and each member of the class and subclasses for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest; and

d. Award Plaintiffs reasonable attorneys' fees and costs; and

e. Grant such other and further legal and equitable relief as the court deems just and necessary.

**Joseph
Greenwald
& Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com

## JURY DEMAND

Named Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: _____

Jay P. Holland (D.C. Federal Bar No. 42258)
Brian J. Markovitz (D.C. Federal Bar No. 481517)
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
301/220-2200
Counsel for Plaintiffs

**Joseph
Greenwald
& Laake, P.A.**

6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

Tel: (301) 220-2200
Fax: (301) 220-1214
www.jgllaw.com