## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CLINTON SPELLMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  09-1666 (RMC) |
| | ) | |
| AMERICAN EAGLE EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiffs sued Defendant for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and Maryland and District of Columbia wage payment laws. Defendant answered and counterclaimed against seven of the eleven named Plaintiffs seeking indemnification pursuant to the indemnification clause in the Transportation Brokerage Agreements executed by those Plaintiffs.  Plaintiffs cry foul and move to dismiss the counterclaim [Dkt. # 16]. They argue that the counterclaim is preempted by the FLSA, is contrary to public policy, and is outside the scope of the indemnity clause.  Defendant responds that the counterclaim survives because it is not now baseless as a matter of fact or law.  The Court agrees with Defendant. Accordingly, the motion to dismiss will be denied without prejudice.

### I.  FACTS

Plaintiffs are current and former delivery drivers who sued Defendant on September 1, 2009, alleging that Defendant misclassified them as "independent contractors" under the FLSA and Maryland and District of Columbia wage payment laws, and as a result, failed to pay them

overtime rates for each hour worked in excess of forty per week. On October 22, 2009, Defendant answered and counterclaimed against seven of the eleven named Plaintiffs seeking to enforce the indemnification clause in the Transportation Brokerage Agreements executed by those Plaintiffs. That clause provides in relevant part:

> INDEPENDENT CONTRACTOR agrees to defend, indemnify and hold harmless BROKER from any direct, indirect and consequential loss, damage, fine, expense, including reasonable attorney's fees, action, claim for injury to persons, including death, and damage to property which BROKER may incur arising out of or in connection with the operation of Equipment, CONTRACTOR's obligations under this Agreement, or any breach by CONTRACTOR or its drivers or workers of the terms of this Agreement.

Countercl. [Dkt. # 9], Ex. A (Transportation Brokerage Agreement) ¶ 10.

Defendant alleges that the claims asserted by Plaintiffs in the Complaint and the expenses it has incurred to defend against them fall within the scope of the indemnification clause. Countercl. ¶ 8.  It seeks an award of all costs and expenses, including reasonable attorneys' fees, incurred in defending against Plaintiffs' claims.  *Id.* ¶ 9.

Plaintiffs move to dismiss the counterclaim for failure to state a claim upon which relief can be granted.  Defendant opposes.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which

it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## III.  ANALYSIS

In *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983),[1] the Supreme Court recognized that "[a] lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation" and that by filing a retaliatory lawsuit "an employer can place its employees on notice that anyone who engages in such conduct is subjecting himself to the possibility

---

[1] While *Bill Johnson's Restaurants* concerned a retaliatory lawsuit in the context of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, courts have applied its reasoning in the FLSA context. *See, e.g., Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992).

of a burdensome lawsuit." *Id.* at 740.  However, the Court also recognized that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Id.* at 741.  "Considering the First Amendment right of access to the courts[,]" the Court concluded that "[t]he filing and prosecution of a well-founded lawsuit may not be enjoined . . . even if it would not have been commenced but for the plaintiff's desire to retaliate against the defendant for exercising rights protected by" federal law. *Id.* at 742-43.  "Although it is not unlawful under" federal anti-retaliation laws "to prosecute a meritorious action, the same is not true of suits based on insubstantial claims — suits that lack . . . a 'reasonable basis'." *Id.* at 743.  "Such suits are not within the scope of First Amendment protection." *Id.*  Thus, a retaliatory lawsuit is not unlawful "unless the suit lacks a reasonable basis in fact or law." *Id.* at 748; *see also BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 531 (2002) (recounting that "our holdings limited regulation to suits that were both objectively baseless *and* subjectively motivated by an unlawful purpose") (emphasis in original).

In light of this authority, the Court can quickly dispose of Plaintiffs' argument that the counterclaim fails because it would not have been filed but for Plaintiffs' initiation of this lawsuit. *See* Reply [Dkt. # 26] at 10-12.  Under *Bill Johnson's Restaurants*, "a meritorious suit may not be enjoined, regardless of the intent behind the filing." *Gingerbread House*, 977 F.2d at 1407. Accordingly, Plaintiffs are simply wrong in arguing that the counterclaim cannot lie against them based solely on their filing of this lawsuit.

The real issue is whether the counterclaim is objectively baseless, that is, whether it "lacks a reasonable basis in fact or law." *Bill Johnson's Restaurants*, 461 U.S. at 748.  Putting aside for a moment whether the indemnification lawsuit is preempted by the FLSA or contrary to the

policy of that statute, the lawsuit plainly is reasonably based. Those Plaintiffs that executed Transportation Brokerage Agreements agreed to indemnify Defendant for any "action" against Defendant "arising out of or in connection with" Plaintiffs' "obligations under this Agreement." Countercl. ¶ 6. One such "obligation" was the agreement to work for a liquidated fee amount. *See id.*, Ex. A (Transportation Brokerage Agreement) ¶ 3 ("It is expressly understood and agreed that CONTRACTOR'S fees for transportation services rendered shall be as set forth in <u>Appendix B</u> and such fees shall constitute the total fees for everything furnished, provided, or done by CONTRACTOR in connection with this Agreement, including driver's services."). The crux of this lawsuit is Plaintiffs' allegation that "Defendant failed to pay" Plaintiffs "for all hours worked and failed to pay these employees at the overtime rate for any hours worked in excess of forty hours per week." Am. Compl. [Dkt. # 23] ¶ 58. In other words, Plaintiffs allege that they are owed more than the liquidated fee amount in the Transportation Brokerage Agreement. Therefore, Defendant has a reasonable basis for alleging that this lawsuit is an "action" against it "arising out of or in connection with" Plaintiffs' "obligations under this Agreement." Countercl. ¶ 6.

Still remaining is whether the counterclaim is baseless because it is preempted by the FLSA or contrary to the policy of that statute. The Court agrees with the Fourth, Fifth, and Tenth Circuits that "[i]ndemnity actions against employees work against the purposes of the FLSA[,]" *Gingerbread House*, 977 F.2d at 1407-08; *see also Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986), and that "a third party complaint by an employer seeking indemnity from an employee is preempted." *Gingerbread House*, 977 F.2d at 1408. But, whereas here, Defendant asserts that the FLSA is wholly inapplicable because Plaintiffs are "independent contractors" exempt from the statute's scope, *see*

Affirmative Defense ¶ 1, and resolution of that issue will turn on the Court's application of a fact-intensive "economic reality" test after discovery has been completed, *see Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001), the Court cannot say at this juncture that the counterclaim is preempted by, or contrary to the policy of, the FLSA.[2]  Because application of the FLSA appears at this early stage to "involve[] genuine issues of material fact or law[,]" *Bill Johnson's Restaurants*, 461 U.S. at 745 n.11, Defendant's counterclaim is not now baseless.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny without prejudice Plaintiffs' motion to dismiss Defendant's counterclaim [Dkt. # 16].   A memorializing Order accompanies this Memorandum Opinion.

Date: January 27, 2010                                    /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge

---

[2]   The Court rejects Plaintiffs' argument that the counterclaim fails because Defendant did not specifically plead facts about the "economic reality" of the parties' relationship. Defendant need not plead, either generally or specifically, that Plaintiffs are "independent contractors" within the meaning of the FLSA in order to state a claim for indemnification under the Transportation Brokerage Agreements.